[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Prime Equities, Inc. (Prime), Maritime Square, Inc. (Maritime), and John Gardella, have brought this action against the defendants, Michael F. DiScala, Jack DiScala, Sedona Group, Inc. (Sedona), and M. F. DiScala Company, Inc. (M. F. DiScala), claiming, among other things, that the defendants acted illegally in an attempt to take over and control the plaintiff corporations. The plaintiffs brought an eight count complaint against the defendants seeking injunctive relief, an accounting and damages.
The defendants have filed a motion (#105) to disqualify the law firm representing the plaintiffs, Tierney, Zullo, Flaherty and Murphy, P. C. (Tierney, Zullo), of Norwalk, on the grounds of a conflict of interest because of its alleged prior attorney/client relationship with a "number" of the defendants in the present action, which prior representation bears a "substantial relationship" to the matters in this case.
Bergeron v. Mackler, 225 Conn. 391, 398, 623 A.2d 489
(1993), summarizes our Connecticut law regarding disqualification of attorneys for a purported conflict of interest. "Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. The rule states that: A lawyer who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially CT Page 2998 related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known." (Internal quotation marks and citations omitted.) "Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation. . . . This test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same. . . . Once a substantial relationship between the prior and the present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed." (Citations omitted, internal quotation marks omitted.) Bergeronv. Mackler, supra, 225 Conn. 398-99,[.]
Hearings were held on the defendants' motion to disqualify and the following facts were disclosed. Tierney, Zullo has never represented either Michael DiScala or his father, Jack DiScala, or either of the two corporate defendants, nor did the firm ever enter into a retainer agreement with any of the defendants in this present action. Accordingly, Tierney, Zullo never has charged or received any legal fees from any of the four defendants in the present action. Normally, this would end the inquiry because the four named defendants were never "former clients" of Tierney, Zullo. However, the defendants have pursued other claims for disqualification, which should be discussed.
The first contention by the defendants is that Tierney, Zullo, by virtue of representing the two corporations, Prime and Maritime, also in effect represented both DiScalas, who are, or were, principals of those corporations. The defendants point to the current conflict between Gardella and DiScala over control of the plaintiff corporations, which is the subject of the present action, and that in effect the law firm has chosen to represent Gardella, and not DiScala.
Rule 1.13(a) of the Rules of Professional Conduct states that "[a] lawyer employed or retained by an organization represents the organization" and 1.13(e) provides that a lawyer may also represent any of its directors and officers, subject to CT Page 2999 Rule 1.7, which prohibits representing one client "if the representation of that client will be directly adverse to another client." In the present action, the two DiScalas were not former clients of Tierney, Zullo, therefore, Rule 1.7, is inapplicable to the dual representation undertaken by the law firm in this case.
The second claim for disqualification advanced by the defendants is that Tierney, Zullo represents the First Wilton Corporation (First Wilton); that the defendant Michael F. DiScala is a stockholder of this corporation, although concededly a minor one; that the law firm assisted this corporation in its attempt to refinance; and thereby learned confidential information regarding the financial status of Michael DiScala. The defendants also contend that Tierney, Zullo represented First Wilton in its attempt to collect back rent from Katherine Gibbs School, and, in connection therewith, hired Sedona, a defendant in the present action, as property manager and to assist in collecting the back rent. A related claim is that at some point, the defendant Michael DiScala asked the law firm, Tierney, Zullo to investigate the desirability of changing the form of ownership of First Wilton.
Testimony at the hearing made it clear that with respect to First Wilton, the law firm took its instructions from the two principals of that corporation, Messrs. Crosby and Phelps. These principals told the law firm to consult with Michael DiScala and/or Sedona regarding the Katherine Gibbs default in rent. Furthermore, there was no credible evidence presented that the law firm represented Michael DiScala in analyzing the most advantageous form of ownership, which, in any event, would only been performed at the behest of the principals of First Wilton. Moreover, the law firm did not receive any confidential information regarding the financial status of Michael DiScala.
Another ground for disqualification advanced by the defendants is that Tierney, Zullo represented Ann Breault, a sister of Michael DiScala, as well as Joseph Breault, and Joseph Breault, Jr., all of whom work for Sedona or DiScala Co., defendants in this present action, which representation included the preparation of a pre-nuptial agreement. No credible evidence was presented that this agreement involved either of the DiScalas, or that the law firm obtained any confidential information regarding either of the two individual defendants in connection with the agreement. CT Page 3000
Another claim for disqualification is based on a contention that Tierney, Zullo had in the past performed certain legal services for defendant Jack DiScala, including transferring certain of his property to a trust. The evidence indicates that the documents transferring the stock in Prime and/or Equity were prepared by another law firm, and that there was some vague reference to that other law firm forwarding a copy of the documents to Tierney, Zullo for its information regarding the stock ownership of Prime and/or Maritime.
The defendants also claim that Tierney, Zullo formed Alliance Corporation of which Michael DiScala is a principal. The formation of that company took place in 1988 and the client was Ann Breault, not the DiScalas. After assisting Breault, the law firm's connection with Alliance Corporation terminated.
Therefore, in summary, there was no previous attorney client relationship between the Tierney, Zullo law firm and any of the four defendants. Furthermore, there has been no showing by the defendants of any substantial relationship between any matter involved in the law firm's prior representations and this litigation, which concerns alleged mismanagement of the two corporate plaintiffs. As was said in Bergeron v. Mackler, supra,225 Conn. 400, "[t]he standards for attorney disqualification are directed at protecting client confidences. They may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings."
The court finds that the law firm has not obtained any confidential information regarding the defendants and that disqualifying Tierney, Zullo would, under the circumstances, unfairly prejudice the plaintiffs' right to choose their own counsel. Accordingly, the motion to disqualify Tierney, Zullo is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of March, 1995.
William B. Lewis, Judge CT Page 3001